## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEMETRIUS MCCUTCHEN** on behalf himself and other similarly situated, ) ) ) | |
| Plaintiff, ) | Case No.: _____ |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORP,** ) ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Demetrius McCutchen ("**Plaintiff**"), on behalf of himself and those similarly situated, by and through his attorneys, and brings the following action against Defendant, First Advantage Background Services Corp ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

## PRELIMINARY STATEMENTS

1.      Plaintiff brings this action against Defendant for violations of the FCRA.

2.      Defendant has knowledge that it must comply with the FCRA.

3.      Defendant produces background screening reports to third-party entities for employment purposes.

4.      Defendant produces background screening reports to third-party entities for employment purposes for a fee.

5.      The information produced in reports by Defendant to third parties for employment purposes are Consumer Reports (as the term "Consumer Reports" is defined pursuant to the FCRA).

6.      Defendant is a Consumer Reporting Agency (as the term "Consumer Reporting Agency" is defined pursuant to the FCRA).

7.     The reports produced by Defendant concerning Plaintiff and other Putative Class members contained items which were matters of public record and were likely to have an adverse effect on a consumer's ability to obtain employment.

8.     The reports provided by Defendant contained information that would mislead the reader.

9.     Defendant's production of misleading Consumer Reports results in an inaccurate report.

10.     Defendant's production of inaccurate Consumer Reports violates 15 U.S.C. § 1681e(b).

11.     Plaintiff brings this action on behalf of himself and similarly situated consumers for violations of the FCRA.

12.     Plaintiff, on behalf of himself and all other Putative Class members, seeks statutory damages, punitive damages, costs and attorney's fees, as set forth under 15 U.S.C. § 1681n(a) and all other available relief as allowed by law.

## PARTIES

13.     Plaintiff is a resident of Minersville, Pennsylvania.

14.     Defendant First Advantage Background Services Corp is a foreign company doing business in Pennsylvania and may be served by serving its registered agent Corporation Service Company at 5235 North Front Street, Harrisburg, PA 17110.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C § 1331.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in

Pennsylvania, was the subject of a Consumer Report delivered to Pennsylvania, and his claims arise, in substantial part, in Pennsylvania. Defendant regularly conducts business in Pennsylvania and is subject to personal jurisdiction in this district.

## LEGAL AUTHORITY

17.    Section 1681e(b) of the FCRA dictates the standard a consumer reporting agency is required to uphold when producing Consumer Reports as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18.    The purpose of the FCRA accuracy provision is to address the impact of the Consumer Reports produced by a consumer reporting agency and to ensure that the policies and procedures used to prepare the Consumer Report results in maximum possibly accuracy of the information contained within the reports produced to third parties to avoid adverse effects to the consumer.

## FACTUAL ALLEGATIONS

19.    Plaintiff applied for employment with Employbridge in or about October of 2024.

20.    Employbridge requested Plaintiff's Consumer Report from Defendant as part of Plaintiff's application process.

21.    Defendant provided Employbridge with a report concerning Plaintiff.

22.    Defendant charged Employbridge a fee for the report on Plaintiff.

23.    Employbridge used Plaintiff's Consumer Report produced by Defendant in whole or in part to take an adverse action against Plaintiff.

24.    On information and belief, Defendant and Employbridge agreed to restrict criminal history searches to a search period of seven years.

25.    On information and belief, it is Defendant's normal policy and practice to restrict criminal history searches to seven years when producing a Consumer Report to Employbridge.

26.    On information and belief, Employbridge would only expect criminal history that is within the past seven years to appear in a Consumer Report produced by Defendant.

27.    Plaintiff's Consumer Report shows a criminal search history search period of 10/07/2017-10/07/2024.

28.    Plaintiff's Consumer Report contains criminal history that does not fall within the search period stated in his Consumer Report.

29.    Defendant's report provided to Employbridge on Plaintiff is inaccurate.

30.    Defendant's report provided to Employbridge on Plaintiff is misleading.

31.    Defendant's report violates 15 U.S.C. § 1681e(b).

32.    Defendant's report contains information that is materially misleading.

33.    Plaintiff's Consumer Report does not include a single crime that was committed in the seven-year search period.

34.    Plaintiff's Consumer Report includes case reference 08005191 from September 24, 2008, that was charged and disposed of completely outside of Defendant's seven-year search period.

35.    Plaintiff's Consumer Report includes case reference 08000708 from January 29, 2008, that was charged and disposed of completely outside of Defendant's seven-year search period.

36.    The inclusion of criminal history that was completely disposed of before the seven-year search period misleads the reader into believing that Plaintiff's applicable criminal history is larger than in reality.

37.    The inclusion of criminal history that was completely disposed of before the seven-year search period misleads the reader into believing that all the reported criminal history took place within the past seven years.

38.    It is inaccurate to include criminal history that was completely disposed of before the seven-year search period.

39.    Inclusion of criminal history that was completely disposed of before the seven-year search period is the inclusion of misleading information that should not be present in Plaintiff's Consumer Report

40.    In addition to reporting criminal history that was completely disposed of before the seven-year search period, Plaintiff's Consumer Report contains additional criminal history with acts that took place outside of the seven-year period.

41.    Plaintiff's Consumer Report contains case reference 16005847, and that case reference is dated December 08, 2016.

42.    The case date of December 08, 2016, is not within the seven-year search period that the Consumer Report places the reader on notice of on page 5.

43.    Plaintiff's Consumer Report contains case reference 16005125 and that case reference is dated October 21, 2016.

44.    The case date of October 21, 2016, is not within the seven-year search period that the Consumer Report places the reader on notice of on page 5.

45.    Nothing in Plaintiff's Consumer Report explains to the reader what events will be included within the seven-year search period.

46.    Absent information informing the reader what events will be included within the seven-year search period, inclusion of criminal history outside the seven-year search period is

misleading.

47.    Defendant's seven-year window discussed in Plaintiff's Consumer Report is consistent with the FCRA seven-year period prior to the 1998 amendments established by 15 U.S.C. § 1681c.

48.    Defendant's inclusion of information that was charged before October of 2017 is outside of the seven-year window established by 15 U.S.C. § 1681c and the seven-year search period stated in the Consumer Report.

49.    Defendant's report mischaracterizes Plaintiff's criminal history within the search period stated in the report for the end user's reference.

50.    Inclusion of criminal history from before the seven-year search period places Plaintiff and other Putative Class members in a false light.

51.    Inclusion of criminal history from before the seven-year search period places materially misleading information within Plaintiff and other Putative Class members Consumer Reports.

52.    Inclusion of criminal history from before the seven-year search period is misleading to the reader and causes a disadvantage to Plaintiff and other Putative Class members as they try to gain employment.

53.    Defendant's procedure of including criminal history information outside of the seven-year search period is an unreasonable procedure that results in misleading reports.

54.    Defendant's reports have threatened Plaintiff's and other Putative Class members' livelihood.

55.    Defendant's report caused Plaintiff and other Putative Class members to lose wages.

56.    Plaintiff has suffered emotional distress and anxiety due to Defendant's inaccurate

and misleading Consumer Report.

57.     Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that Defendant's violations were negligent and in reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff asserts the following class:

> **15 U.S.C. §1681e(b) Class:** All individuals who were the subject of one or more Consumer Reports that included criminal history outside of the seven-year search period established by Defendant thus causing the report to be misleading for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

### Numerosity

59.     The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces Consumer Reports on individuals to third-parties for employment purposes. Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA. Plaintiff believes that several thousand individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

60.     Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

a.     Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the Consumer Reports produced;

b.     Whether Defendant produced reports that contain inaccuracies in violation of Section 1681e(b);

c.     Whether Defendant's violations of the FCRA were in negligent and/or

reckless disregard of the FCRA; and

d.      The proper measure of damages.

### Typicality

61.    Plaintiff's claims are typical of the members of the proposed class.  Defendant is a Consumer Reporting Agency that produces Consumer Reports to third parties. Defendant produces the reports using the same format and policies and procedures on each report.  Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

62.    Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interests of the class members. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

63.    A class action is superior to any other available method for the fair and efficient adjudication of this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

64.    This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interests of other individuals not a party to such action, impeding their ability to protect their interests.

8

65.    This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

66.    Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class and, because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and procedures, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

67.    Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and addresses of the potential class members are available from Defendant's records.

## Count I
## 15 U.S.C § 1681e(b) Violations

68.    Plaintiff incorporates the foregoing paragraphs 15-67 as if fully set forth herein.

69.    Plaintiff's report was produced by Defendant according to Defendant's policies and procedures.

70.    The report produced by Defendant reported information in a manner that was misleading.

71.    The report produced by Defendant contained information that was inaccurate.

72.    A reasonable employer would be confused by Defendant's Consumer Report.

73.    A reasonable employer would be misled by Defendant's Consumer Report.

74.    Defendant's reports cast Plaintiff and other Putative Class members in a false light.

75.    Defendant's report included charges that were outside of the seven-year search period that Defendant agreed to use when reporting to the end user.

76.    Defendant's inaccurate and misleading reports cast Plaintiff and other Putative Class members in a more unfavorable light than would have been if Defendant had complied with the FCRA.

77.    Defendant's actions were negligent and/or reckless.

78.    Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

      a.    Defendant has access to legal advice;

      b.    Defendant had access to public information that proved its report was inaccurate and misleading;

      c.    Defendant produced a report concerning Plaintiff that omitted information that would have been beneficial to Plaintiff; and

      d.    Defendant committed multiple violations of the FCRA by producing a Consumer Report that was both inaccurate and misleading;

79.    Plaintiff is entitled to actual damages for backpay, emotional distress and anxiety, and reputational harm.

80.    Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

81.    Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

82.    Plaintiff is further entitled to recover costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an Order for the following:

a.    Holding that this action may proceed as a class action under Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure;

b.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Directing proper notice to be mailed to the Putative Class at Defendant's expense;

d.    Finding that Defendant committed multiple, separate violations of the FCRA;

e.    Finding Defendant recklessly violated the provisions of the FCRA.

f.    Finding Defendant negligently violated the provisions of the FCRA.

g.    Finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of Plaintiff and Putative Class members;

h.    Finding that Defendant's actions meet the standard necessary for an award of statutory damages, punitive damages, and attorneys' fees and costs as provided by the FCRA; and

i.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Respectfully submitted,

**SIRI & GLIMSTAD LLP**

By: /s/ Catherine Cline
Catherine Cline Bar No. 125955
Jayson Watkins (*pro hac vice* forthcoming)
Richard Parks (*pro hac vice* forthcoming)
ccline@sirillp.com
Siri & Glimstad  LLP
Main: 888-SIRI-LAW
745 Fifth Avenue Suite 500
New York, NY 10151
ccline@sirillp.com
jwatkins@sirillp.com
rparks@sirillp.com
ATTORNEYS FOR PLAINTIFF